PLASS v. CENTRAL NEW ENGLAND RY. CO.   (No. 257/76.)

(Supreme Court, Appellate Division, Third Department.   November 10, 1915.)

1. MASTER AND SERVANT ☞87½, New, vol. 16 Key-No. Series—INJURIES TO
   SERVANT—WORKMEN'S COMPENSATION ACT.
      Where one employed to cut grass on a railroad right of way was in-
   fected with poison ivy, and by reason of that succumbed to bronchitis, the
   death was accidental, within the Workmen's Compensation Law, and not
   the result of an occupational disease; hence compensation could be
   properly awarded.

2. MASTER AND SERVANT ☞250¾, New, vol. 16 Key-No. Series—REVIEW—
   WORKMEN'S COMPENSATION LAW.
      Findings of fact by the Workmen's Compensation Commission cannot be
   reviewed on appeal.

Appeal from State Workmen's Compensation Commission.

Proceeding by Jane Plass for compensation under the Workmen's
Compensation Law for the death of her husband, an employé, against
the Central New England Railway Company, employer and self-in-
surer. From an award by the State Workmen's Compensation Com-
mission, defendant appeals.   Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOW-
ARD, and WOODWARD, JJ.

Edward R. Brumley, of New York City, for appellant.

The Attorney General (E. C. Aiken, Deputy Atty. Gen., of counsel),
and Jeremiah F. Connor, of New York City, for respondent.

Harry Arnold, of Poughkeepsie, for claimant.

JOHN M. KELLOGG, J.   Plass was a section laborer, and, as
such, in the course of his employment, was mowing the right of
way of the appellant's railway.   This was done every year, and
the men were engaged several days in performing that duty.   The
object in mowing the grass was for the safety of the bridges, the ad-
joining properties, to keep fires from spreading, and to prevent the
grass coming up on the tracks, thus causing the engines to slip.   In
the grass was growing poison ivy and other weeds, and while mow-
ing Plass came in contact with the ivy and was poisoned, became sick
and confined to his bed, resulting in blood poisoning, where he con-
tracted congestion of the lungs, from which he died August 29, 1914.
The remote cause of his death was the ivy and septic poisoning, and
the immediate cause of his death was acute congestion of the lungs,
to which his poisoned condition predisposed him.   Such are the find-
ings of the Commission.

[1, 2] It has been held that contact with poison ivy which results
in death is an accidental death within a policy covering death by ex-
ternal, violent, and accidental means.   Railway Ass'n v. Dent, 213
Fed. 981, 130 C. C. A. 387, L. R. A. 1915A, 314.   The injury cannot
be called an occupational disease.   Plass actually, inadvertently, came
in physical contact with poison ivy.   The poison to his system caused
thereby resulted in his sickness, and reduced his power of resistence,
and made him susceptible to bronchitis.   The attending physician treat-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ed him for ivy poisoning, and then found he had developed more or less infection, the blebs breaking open, and in that way he became infected, and while in bed contracted bronchitis, which afterward developed œdema of the lungs, and he died quite suddenly.

The Commission has found that the ivy and septic poisoning was the remote cause of his death, and that his poisoned condition predisposed him to the acute congestion of the lungs of which he died. We are not at liberty to review the findings of the Commission upon a question of fact. There is certainly some evidence to warrant the finding.

The award is therefore affirmed. All concur.