(Supreme Court, Appellate Division, Third Department. January 5, 1916.)

APPEAL AND ERROR ☞1001—REVIEW—VERDICT.

A judgment in plaintiff's favor cannot be upheld, where it obviously appeared that plaintiff himself gave false testimony on a material issue involved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. ☞1001.]

Appeal from Special Term, Saratoga County.

Action by Napoleon Phillips against Napoleon Yarter. There was judgment for plaintiff. From an order denying defendant's motion for new trial, defendant appeals. Reversed, and motion granted.

Argued before KELLOGG, P. J., and LYON, HOWARD, and WOODWARD, JJ.

Rogers & Sawyer, of Hudson Falls (J. E. Sawyer, of Hudson Falls, of counsel), for appellant.

Young & Young, of Hudson Falls (W. Chase Young, of Hudson Falls, of counsel), for respondent.

---

### RIST v. LARKIN & SANGSTER et al.

(Supreme Court, Appellate Division, Third Department. January 5, 1916.)

MASTER AND SERVANT ☞87½, New, vol. 16 Key-No. Series—WORKMEN'S COMPENSATION LAW—STATUTE—"ACCIDENTAL INJURY IN THE COURSE OF EMPLOYMENT"—"INJURY"—"PERSONAL INJURY."

Under Workmen's Compensation Law (Consol. Laws, c. 67) § 3, subd. 7, defining "injury" and "personal injury" to mean only accidental injuries arising out of and in the course of employment, and such diseases and infections as may naturally and unavoidably result therefrom, where a servant, operating a crane, jumped into a river, when one of the timbers

of the crane broke, to save himself from being hurt, contracting a cold from the wetting, which resulted in pleurisy and developed into pulmonary tuberculosis, such injury was an "accidental injury in the course of employment"; the employé having been in the same position as if the accident had thrown him into the river, as his leap was involuntary.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Injury; Personal Injury.]

Appeal from State Industrial Commission.

Proceeding under the Workmen's Compensation Law by George C. Rist to obtain compensation for personal injuries, opposed by Larkin & Sangster, the employers, and the United States Fidelity & Guaranty Company, insurer. Compensation was awarded, and the employers and insurer appeal. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Bond & Schoeneck, of Syracuse, for appellants.

Egburt E. Woodbury, Atty. Gen. (Harold J. Hinman, Asst. Atty. Gen., of counsel), for respondent State Industrial Commission.

Ernest G. Gould, of Seneca Falls; for claimant.

JOHN M. KELLOGG, P. J. The Commission has found that the claimant, September 3, 1914, was working for his employer on the Mohawk river operating a crane. One of the timbers of the crane broke, and to save himself from being hurt he jumped into the river, a distance of some 10 feet. The water came up to his knees. He waded to the shore, contracted a heavy cold and pleurisy which developed into pulmonary tuberculosis, by reason of which he was disabled from the date of the accident until February 25, 1915, and since that date.

The finding of the Commission that claimant's present condition is the result of the accidental breaking of the timber, and that his going into the river resulted therefrom, is not unreasonable, and has some evidence to sustain it. We cannot question it. While the claimant jumped into the water, he did so to prevent a personal injury resulting from the accidental breaking of the timber. The jumping into the river was therefore not a voluntary act, but was the result of the accident, which put the claimant in such peril that his getting wet must be considered accidental rather than voluntary.

Subdivision 7 of section 3 of the Workmen's Compensation Law defines injury and personal injury to mean only accidental injuries arising out of and in the course of employment, and such diseases or infection as may naturally and unavoidably result therefrom. We consider the claimant in the same position as if the accident had thrown him into the river, and clearly his being accidentally thrown 10 feet into the water was an injury within the meaning of the act, and the disease following has been found to naturally and unavoidably result from that injury. He at the time apparently was not physically disabled by jumping into the water, and it was not then quite clear what injury he had sustained; but it has developed that the injury was very serious.

The award should therefore be affirmed. All concur.