Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of FRANK SICARDI, Respondent, for Compensation under the Workmen's Compensation Law, *v.* SARNOFF HAT COMPANY, INC., Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LIMITED, Insurance Carrier, Appellants.

Third Department, December 28, 1916.

Workmen's Compensation Law — notice of injury — section 18 of statute construed — notice to insurance company — when findings of State Industrial Commission insufficient to excuse failure to give notice of injury.

The failure to give notice of an injury under section 18 of the Workmen's Compensation Law may be excused for one of two reasons: *First*, that it could not have been given, and, *second*, " on the ground that the State fund, insurance company, or employer, as the case may be, has not been prejudiced thereby."

The word " employer," as used in said section, means an employer who is a self-insurer, the idea being that it must appear that the State fund or insurance company, or employer, " as the case may be," liable for compensation, has not been prejudiced.

The notice does not have to be given to the insurance company because by virtue of section 54, subdivision 2, notice to the employer is deemed to be notice to the insurance carrier.

But when no notice to the employer has been given and there is an insurance carrier, the question is not whether the employer, but whether the insurance carrier, which must pay the compensation, has been prejudiced by the failure to give notice.

Hence, where there is an insurance carrier, findings of the State Industrial Commission in order to excuse the failure to give notice of the injury should contain facts, circumstances or conditions sufficient to render proper the conclusion that the insurance company has not been prejudiced.  A mere finding that the failure to give notice " did not prejudice the employer" is insufficient.

KELLOGG, P. J., and LYON, J., dissented, with opinion.

APPEAL by the defendants, Sarnoff Hat Company, Inc., and another, from an award of the State Industrial Commission, entered in the New York city office of said Commission on the 6th day of July, 1916.

*Alfred W. Andrews* [*Ainsworth, Carlisle & Sullivan* and *John N. Carlisle,* of counsel], for the appellants.

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General* of counsel], for the respondent State Industrial Commission.

COCHRANE, J.:

The only question on this appeal is the failure of claimant to give notice of his injury within ten days after his disability, as provided by section 18 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41). He was injured by a piece of splinter from the floor which pierced his shoe and entered his right foot. This occurred November 4, 1915. The Commission has made findings as follows: "By reason of this accident Sicardi laid off from work for nine days until November 13th, and then returned to work and worked to and including March 1, 1916. On March 2, 1916, he went to the hospital and was operated [upon] and the splinter was withdrawn from his foot, and he was not able to return to work until March 28, 1916. He then continued working until the 1st of May, 1916, when he had another operation for the same injury and was disabled from working until May 29, 1916. The claimant failed to give written notice of his injury to his employer within ten days thereof for the reason that he did not consider his injury very serious and it was not until March 2, 1916, when he went to the hospital that he gave notice of injury to his employer pursuant to the statute. His failure to give notice of injury within the statutory period did not prejudice the employer." At the conclusion of the award is the following statement by the Commission: " The failure of Frank Sicardi to give statutory notice of injury to his employer is hereby excused on the ground that such failure did not prejudice his employer."

Section 18 requires that a written notice of the injury should be given within ten days after disability, and in case of death within thirty days thereafter. After specifying the details of the notice and the manner in which it may be given, the section concludes as follows: "The failure to give such notice, unless excused by the Commission either on the ground that

notice for some sufficient reason could not have been given, or on the ground that the State fund, insurance company, or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this chapter."

In *Matter of Bloomfield* v. *November* (219 N. Y. 374), decided by the Court of Appeals December 12, 1916, that court had under consideration the requirement of this statute as to notice and said: "This requirement ought not to be treated as a mere formality or be dispensed with as a matter of course whenever there has been a failure to serve such notice. The Legislature has enumerated reasonable conditions under which failure to serve the notice may be excused and we think that the attention of the Commission should be fastened upon the question whether upon the proofs in a given case the circumstances do exist which are sufficient to justify such failure, and that if they do exist that fact should be properly stated as one of the facts which constitute the basis of the award. We do not think that it is good practice that the service of such notice should be excused without any finding of the existence of conditions which justify such action on the part of the Commission or statement even of the theory on which the excuse has been granted."

In the present case the findings of the Commission are more explicit than they were in the *Bloomfield* case and there is a distinct finding that the failure to give the notice " did not prejudice his employer." This finding was absent in the *Bloomfield* case. But such finding does not meet the situation or comply with the statute. The failure to give notice may be excused for one of two reasons: *First*, that it could not have been given. That reason manifestly does not exist in this case. *Second*, "on the ground that the State fund, insurance company, or employer, as the case may be, has not been prejudiced thereby." The word "employer" as used in this last sentence of section 18 as indicated by the context means an employer who is a self-insurer, the idea being that it must appear that the State fund, or insurance company, or employer, "as the case may be," liable for compensation has not been prejudiced. The notice does not have to be given to the insurance company because by virtue of the statute (§ 54, subd. 2) notice to the

employer shall be deemed notice to the insurance carrier. But when no notice has been given and there is an insurance carrier, the question is not whether the employer but whether the insurance carrier which must pay the compensation has been prejudiced. In the present case, therefore, if the failure to give notice is to be excused, the ground of the excuse should be that the insurance company has not been prejudiced if such is the fact, and in accordance with the rule declared in the *Bloomfield* case this should be accompanied by appropriate findings of such facts, circumstances or conditions, if they exist, as to render proper the conclusion that the insurance company has not been prejudiced.

The award should, therefore, be reversed, and the matter remitted to the Commission.

All concurred, except KELLOGG, P. J., who dissented in an opinion, in which LYON, J., concurred.

KELLOGG, P. J. (dissenting):

We are giving this remedial statute a too technical construction. It must be conceded that if the employer was a self-insurer the award would be affirmed, as the Commission finds as a matter of fact, which we cannot question, that he was not prejudiced by the delay in giving the notice of injury.

Technically the Commission should also have found that it did not prejudice the insurance carrier; but that omission, probably an oversight, should not defeat the award. We quote subdivision 2 of section 54 of the Workmen's Compensation Law:

"2. Knowledge and jurisdiction of the employer extended to cover the insurance carrier. Every such policy shall contain a provision that, as between the employee and the insurance carrier, the notice to or knowledge of the occurrence of the injury on the part of the employer shall be deemed notice or knowledge, as the case may be, on the part of the insurance carrier; that jurisdiction of the employer shall, for the purpose of this chapter, be jurisdiction of the insurance carrier and that the insurance carrier shall in all things be bound by

and subject to the orders, findings, decisions or awards rendered against the employer for the payment of compensation under the provisions of this chapter."

Notice is not served, or required to be served, on the insurance company. It is not a necessary party to the proceedings. The employer who insures in the State fund is absolutely relieved from liability; but one who insures otherwise remains liable for the award. The insurance company, his surety, relieves him so long only as it makes the payments. If it should become insolvent, then he must pay. (Workmen's Compensation Law, § 53; Id. § 54, subds. 1, 2.) It is immaterial, therefore, whether standing alone the insurance company would be liable or not. The insured is liable, and the insurance company, his surety, is necessarily bound to protect him.

It would be an idle ceremony to affirm the award as to the employer and reverse it as to the insurance company. It is immaterial to the claimant who pays the award. The law fixes the liability upon the employer; the payments fall upon the insurance company, under its bond, as long as it is able to respond. The requirement that the notice be served upon the employer makes it plain that if the employer is not prejudiced by the failure of notice — that is, if it had information which justified the excuse of the notice, the insurer cannot complain.

A determination that the employer is not prejudiced necessarily carries with it the idea that the insurance company cannot be prejudiced. The omission in the award to state that the insurance company is not prejudiced is, therefore, immaterial. The determination practically establishes that neither the employer nor the insurance company is prejudiced. (*People* v. *Munroe*, 190 N. Y. 435; *Pangburn* v. *Buick Motor Co.*, 211 id. 228.)

The employee was injured November 4, 1915, by a piece of splinter from the "bad floor," as he calls it, passing through his shoe into his right foot. We infer from his answers to the questions that he was a foreigner, unacquainted with the language, and ignorant. The Commission finds: "By reason of this accident Sicardi laid off from work" until November thirteenth, when he returned to work and worked to and including

March first.   On March second, infection having set in, he went to the hospital and was operated upon and the splinter withdrawn.   He was not able to return to work until March twenty-eighth, and upon May first a second operation was necessary, and he was disabled until May twenty-ninth.   The Commission finds that he failed to give written notice " of his injury to his employer within ten days thereof, for the reason that he did not consider his injury very serious, and it was not until March 2, 1916, when he went to the hospital, that he gave notice of injury to his employer pursuant to the statute.   His failure to give notice of injury within the statutory period did not prejudice the employer; * * * and the failure of Frank Sicardi to give statutory notice of injury to his employer is hereby excused on the ground that such failure did not prejudice his employer."   The employer made a report March 18, 1916, stating the accident substantially as above.

On the hearing the carrier objected to an award upon the ground that the statutory notice had not been given.   It said: " We claim prejudice in that we were unable to properly investigate the happening of the accident and also prescribe or see to the treatment he was getting.   We are obliged under the law, if you make an award, to pay the medical bill, yet we had no voice in supplying him treatment, and we are called upon now, almost a year after it happened, to contest a claim for compensation."   The claimant; when asked why he did not notify the Commission before, replied: " When I had that, I think I won't have nothing the matter like that. ˙ First operation I had was the second of March.   At that time I let him know this thing happen."

The accident seemed trivial at the time and no attention was paid to it.   It did not seem worthy of consideration until March second and then the claimant went to the hospital and was operated upon; the treatment he had, and his condition ·then, were matters of easy proof.   If the employer had been notified of the accident immediately there was no way in which it could have verified the statements of the claimant.   It could only be ascertained whether or not it was a " bad floor " with loose splinters in it.   The condition of the floor was a fact well known to the employer and easily susceptible of proof; whether

it was splintered and in bad condition could have been discovered as well in March as in November. It is not claimed that there was any change in the floor from the time of the accident to the time of the notice, or that the fact of the accident could be proved or disproved by the testimony of any one other than the claimant. Apparently he alone knew of the injury at the time. The suggestion by the insurance company that it was prejudiced in not being able to prescribe or see the treatment the claimant was getting is not of force, for as matter of right the claimant could employ his own physician and exercise his own judgment as to his treatment. From the facts appearing and the suggestion of the insurance company as to how it might have been prejudiced, it was for the Commission to determine as matter of fact whether the failure to give the notice prejudiced the defense.

We conclude, therefore, that the determination of the Commission that the failure to give notice did not prejudice the employer, and its determination to excuse the failure to give the notice was a question of fact upon the evidence, and that the Commission in determining that question of fact had evidence upon which to act, and under such circumstances its conclusion is not subject to review by us.

The Commission is not required to make formal findings of fact and law. In fact section 68 of the law declares that it is not bound by technical or formal rules of procedure except as provided in the act, and section 20 (as amd. by Laws of 1915, chap. 167) provides that the Commission "shall make or deny an award, determining such claim for compensation, and file the same in the office of the Commission, together with a statement of its conclusions of fact and rulings of law."

In the *Bloomfield Case* (219 N. Y. 374), recently decided by the Court of Appeals, in the award the Commission stated that it excused the failure to give the notice, but gave no reason why it excused it, and the record shows no reason. The Court of Appeals held that the practice was improper. The Commission cannot act arbitrarily and thereby practically disregard the statute. It must determine whether or not it will excuse the failure to give the notice, and that determination must rest upon some foundation of fact.

The finding of the Commission that " The claimant failed to give written notice of his injury to his employer within ten days thereof" indicates that the Commission erroneously considered that the notice must be given within ten days of the injury or accident. The law (§ 18) requires that notice be given "within ten days after disability." The Commission has not determined whether notice was given within ten days of the disability or not, but has found certain facts, from which, and from the other facts in the record not in conflict with the facts found, we are to determine whether the claimant has lost his right to compensation by failing to give the notice within ten days after disability. In determining that question we must always bear in mind the reasonable presumption that the claim comes within the act, in the absence of substantial evidence to the contrary, and that the claimant should have the benefit of this remedial statute unless the appellant has shown that the award is in violation of law.

The compensation given by the law is only for "disability" or "death" resulting from a personal injury (§ 10). Section 15 gives a "schedule in case of disability." The 1st subdivision provides for a total permanent disability; the 2d for a temporary total disability; the 3d for permanent partial disability; the 4th for temporary partial disability. The claim here is under this 4th subdivision, and by it for claimant's temporary partial disability the compensation is sixty-six and two-thirds per cent of the difference between his average weekly wages before and during partial disability. Therefore, if the injury did not unfit him for work or lessen his earning power, he was not entitled to compensation, and the service of the notice was entirely unnecessary. We find in the statute no definition of the word "disability" as there used. The statute being one providing compensation to workingmen for disability, and basing the compensation, so far as we are now concerned, upon the difference in the earning power of the employee before and after the injury, the meaning of the word is plain. There is no disability until the result of the accident interferes with the earning power of the employee. The time to serve the notice then begins to run.

Section 3, subdivision 7, defines "injury" as follows:

" ' Injury ' and ' personal injury ' mean only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom." We must remember that the claimant considered the injury to his foot as unimportant, not worthy of being mentioned to the employer, and he made and makes no claim for it. The claim now made is only on account of the infection, which was only apparent March second. (*Matter of Rist* v. *Larkin & Sangster*, 171 App. Div. 71.) Aside from the infection the claimant had received no injury for which compensation could be awarded him, for by section 12 of the law no compensation is awarded for the first fourteen days of disability, except the benefits provided for in section 13 of the law, which benefits were never claimed. We are, therefore, safe in saying that the claimant was not within the purview of the law until March second. Having returned to work within nine days, and being entitled to no compensation for the first two weeks, there was no reason why he should file notice on the tenth day, for at that time he was at work, apparently without any disability.

If the employee had not quit work for the few days after the injury there would be no doubt I think but his notice was given in time. He did not consider there was any real disability until March second, and the notice was given March second. We may, therefore, consider whether, as matter of substance, this ignorant man did not give notice within ten days after the disability. We have quoted his excuse for not giving immediate notice, which we infer means that he did not think at the time the injury amounted to anything. In his claim, in answer to the question, "On what date were you compelled to stop work as result of this injury?" claimant answered, "March 2, 1916." The attending physician's report was dated June 2, 1916, and he was asked, "For what period *from the date of accident,* (not from date of this report) is disability likely to exist?" He answered, "nine weeks." This, of course, was a mistake, for he was at work within ten days of the accident and no disability was alleged until March second. The physician evidently intended that the disability was likely to continue for nine weeks from March second. We find nothing in the record justifying the conclusion by the Commission

that the claimant laid off for nine days by reason of the accident. It was, therefore, error of law for the Commission to determine that fact without any evidence before it. The presumptions created by the act are in favor of the claimant and are not intended for his disadvantage. If the claimant quit work for nine days after the accident, there is nothing to show that it was on account of disability. His habits, and whether or not he was regular at his work, do not appear. That a man is injured and lays off work for nine days does not establish, directly or indirectly, that he suffered a disability by the injury, especially where the injury was a mere sliver in the foot. No fact appeared before the Commission which could have justified the finding that the claimant was entitled to compensation (a proper notice being served) for the time when he was out of work after the accident, if it had been for sufficient time to justify compensation. As the evidence does not show disability for the nine days, construing the law in favor of the claimant, we are compelled to say that he did not lay off on account of disability. As matter of fact, from the evidence, the claimant accidentally ran a sliver in his foot November fourth, but considered it unimportant until infection set in, with resulting disability March second. The claim is made for a disability then beginning; the notice was served March second, and unless we draw unfavorable inferences against the claim within the fair meaning of the law the claimant is entitled to compensation. A workman, in performing his ordinary duty, is struck by a cinder in the eye; he deems it unimportant and continues work. A month or two later infection sets in, caused by the cinder. It cannot be said that the failure to give notice of a cinder in the eye, which did not disable him and seemed entirely unimportant, bars him from recovery. There is no controlling evidence that by the accident the claimant had sustained a disability within the meaning of the act until the infection was discovered March second. There is nothing until then to indicate that he was unable to earn his ordinary wages. Many reasons other than a disability within the act might have kept him at home for nine days. He may have thought it was better for the foot that he should remain at home, and while the injury was trivial he might

have acted from what seemed at the time to be over-caution in taking care of it. Upon the whole record, therefore, I favor an affirmance of the award.

LYON, J., concurred.

Award reversed and matter remitted to the Commission for further action.