Before State Industrial Commission, Respondent.

In the Matter of the Claim of Eugene H. Hiers, Respondent, for Compensation under the Workmen's Compensation Law, *v.* John A. Hull & Co., Employer, and Zurich General Accident and Liability Insurance Company, Limited, Insurance Carrier, Appellants.　　·

Third Department, May 2, 1917.

**Workmen's Compensation Law — hazardous employment — weighing hides constituting cargoes unloaded from vessels — accidental injury — injury to employee from anthrax germs while handling hides.**

An employee engaged in weighing hides on piers, which hides constitute cargoes or parts of cargoes unloaded from vessels, is engaged in a hazardous

employment within the meaning of group 10 of section 2 of the Workmen's Compensation Law.

Such an employee who, while handling dirty and diseased hides, was infected by anthrax germs through an abrasion in his hand, previously sustained while handling hides covered with wet salt, sustained an accidental injury within the meaning of subdivision 7 of section 3 of the statute.

Moreover, because of the previous abrasion on the hand of the employee, the disease or infection caused by the anthrax germ may be deemed "such disease or infection as may naturally and unavoidably result from such injury within the meaning of the statute."

APPEAL by the defendants, John A. Hull & Co., and another, from an award of the State Industrial Commission, entered in the New York office of said Commission on the 4th day of May, 1916.

*Alfred W. Andrews* [*John N. Carlisle* of counsel], for the appellants.

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent State Industrial Commission.

COCHRANE, J.:

The occupation of the claimant was weighing hides on the piers in Brooklyn, which hides constituted cargoes or parts of cargoes unloaded from vessels. He was doing this work in the performance of the duties which as an employee he owed to his employer. The employment was, therefore, hazardous within the meaning of group 10 of section 2 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41).

Previous to February 10, 1916, while in the same work, wet salt from the hides had permeated his gloves and caused a swelling on the back of one of his hands and an abrasion of the skin or fissure resulted. On the day mentioned he was handling dirty and diseased hides and anthrax germs contained therein were communicated to him through the fissure in the back of his hand causing infection and disease for which the award in question has been made.

Subdivision 7 of section 3 of the act defines an injury for which compensation may be made as meaning "only accidental injuries arising out of and in the course of employ-

ment and such disease or infection as may naturally and unavoidably result· therefrom."

In *Bacon* v. *United States Mutual Accident Association* (123 N. Y. 304) an anthrax case was before the court in an action on a policy of insurance against "bodily injuries effected through external, violent and accidental means within the intent and meaning of the by-laws of the association and the conditions" of the policy. The insurance was not to extend "to any bodily injury of which there shall be no external and visible sign, nor to any bodily injury happening directly or indirectly in consequence of disease; nor to any death or disability which may be caused wholly or in part by bodily infirmities or disease existing prior or subsequent to the date" of the policy "nor to any case except where the injury is the proximate or sole cause of the disability or death." It was held that anthrax was a disease and that the disease was not caused by an accident within the meaning of the policy. That case was decided with reference to the particular provisions and phraseology of the policy then under consideration and it is quite clear that it constitutes no precedent under the statute we are now called upon to apply.

In *Matter of Plass* v. *Central New England Railway Company* (169 App. Div. 826) this court held that contact with poison ivy constitutes a personal injury within the meaning of the statute.

There is a broad distinction between the present case and the case of an occupational disease. The latter is incidental to the occupation or is a natural outcome thereof. It is expected, usual and ordinary. This disease incurred by the claimant was unexpected, unusual and extraordinary; as much so as if a serpent concealed in the hides had attacked him. There is no difference in principle because the attack instead of being made unexpectedly by a concealed serpent was made unexpectedly by a concealed disease germ. There seems to be no question in this case but that the claimant contracted the disease in the manner and under the conditions above indicated. We think the circumstances constitute an accidental injury within the meaning of the statute.

However, there is another theory on which this award may be upheld. The claimant in the course of his employ-

ment and as a result thereof had received an abrasion on his hand or a fissure therein. This may properly be deemed an accidental injury arising out of and in the course of his employment and the disease or infection caused by the anthrax germ may be deemed " such disease or infection as may naturally and unavoidably result " from such injury within the meaning of the statute.

The award should be affirmed.

Award unanimously affirmed.