Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of FRANK H. ANDREWS, Appellant,
for Compensation under the Workmen's Compensation Law,
v. BUTLER MANUFACTURING COMPANY, Employer, and the
AMERICAN MUTUAL COMPENSATION INSURANCE COMPANY,
Insurance Carrier, Respondents.

Third Department, November 13, 1918.

Workmen's Compensation Law — notice of injury — failure to give
written notice — prejudice of employer — presumption — excusing
notice.

Where claimant demanded compensation for the destruction of his eye
by the accidental flying of a spark from a furnace fire, but no notice
in writing was given the employer in compliance with section 18 of the
Workmen's Compensation Law, held, that an award was properly denied
although the State Industrial Commission found the fact of the accident,
and that it came within the statute.

When no written notice of an injury is given the employer, the presumption is,
in the absence of evidence to the contrary, that the failure to give notice
prejudiced the employer and insurance carrier.

The State Industrial Commission can excuse the failure to give written
notice only where the claimant is able to show that notice could not have
been given, or that the insurance carrier and employer were not prejudiced
by such failure.

That an injury might not have been limited in its effect by prompt action
is not enough, in a given case, to excuse the giving of notice.

APPEAL by the claimant, Frank H. Andrews, from a finding
and decision of a Deputy Commissioner of the State Industrial
Commission at a special hearing in the above claim had on the
26th day of February, 1918, denying an award.

*Francis Preston* [*P. Sidney Hand* of counsel], for the appellant.

*Jeremiah F. Connor*, for the respondents.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy
Attorney-General*, of counsel], for the respondent State Indus-
trial Commission.

WOODWARD, J.:

The claimant demanded compensation for an injury to his
eye, practically destroying its usefulness, alleged to have been
due to an accidental flying of a spark from a furnace fire under

a boiler.    The State Industrial Commission found the fact of the accident, that it was within the statute, but refused to make an award upon the ground that no notice in writing was given to the employer or the insurance carrier, and that both of these were prejudiced by the failure to comply with the requirements of section 18 of the Workmen's Compensation Law.    (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 18. Since amd. by Laws of 1918, chap. 634.)    The claimant appeals from this determination.    The accident happened on November 23, 1917.

The determination of the State Industrial Commission should be affirmed.    The presumption is, in the absence of evidence to the contrary, that the failure of the claimant to give the notice required by law is prejudicial to the employer and insurance carrier.    It is only where the claimant is able to show that the notice could not have been given, or that the insurance carrier and employer were not, in fact, prejudiced by the failure to give the notice, that there is any justification for the State Industrial Commission to excuse the failure. (*Sicardi* v. *Sarnoff Hat Co., Inc.*, 176 App. Div. 13.)    It is not enough, in a given case, that the injury might not have been limited in its effect by prompt action; the employer and the insurance carrier have a right to an opportunity to inquire into the happening of the accident.    It is a very simple matter, on discovering an injury to an eye, to fix the time and place of the happening of the same, to come within the provisions of the Workmen's Compensation Law, though in fact it may have been received under circumstances involving no liability, and those who are called upon to pay for the injury have a right to have the matter called to their attention in the manner prescribed by the act.    Where this is not done the claimant must afford the evidence to warrant the State Industrial Commission in excusing the neglect.    That is the condition upon which the right to compensation, without respect to the negligence of the employer, is based, and it may not be disregarded.

The determination of the State Industrial Commission should be affirmed.

Determination unanimously affirmed.