Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of Mrs. G. I. ELDRIDGE, Respondent, for Compensation to Herself and Children under the Workmen's Compensation Law for the Death of Her Husband, WILLIAM ELDRIDGE, *v.* ENDICOTT, JOHNSON & Co., Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

Third Department, September 18, 1919.

**Workmen's Compensation Law — accidental injury arising out of and in the course of employment — death resulting from anthrax.**

Where a decedent whose neck had been slightly cut with a razor while being shaved at a public barber shop, became afflicted with anthrax on the following day while unloading hides for his employers and subsequently died as a result thereof, his death was properly held to have been attributed to an accidental injury arising out of and in the course of his employment.

WOODWARD and H. T. KELLOGG, JJ., dissented.

APPEAL by the defendants, Endicott, Johnson & Co. and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 23d day of January, 1919, and also from a prior award entered in said office on the 9th day of December, 1918.

An award of compensation was first denied on April 12, 1916, on the opinion of Commissioner LYON. (8 State Dept. Rep. 445.) This award was rescinded and an award made. (See 19 State Dept. Rep. 431.)

*Bertrand L. Pettigrew* [*Walter L. Glenney* of counsel], for the appellants.

*L. M. Twining* [*John Marcy, Jr.,* of counsel], for the claimant, respondent.

*Charles D. Newton Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent State Industrial Commission, and *Robert W. Bonynge,* counsel for the State Industrial Commission.

LYON, J.:

The Commission has found that on November 16, 1915, while being shaved at a public barber shop, the neck of William Eldridge was slightly cut with a razor; that on the following day when the symptoms of anthrax first appeared, he was working in the tannery of his employers, Endicott, Johnson & Co., handling hides; that the reasonable inference is that he contracted anthrax in the course of his employment, and that he died as a result of said anthrax on November twentieth. The Commission has also found that the contracting of anthrax, consisting of the bite of the bacillus of anthrax, was an accidental injury within the meaning of the Workmen's Compensation Law, and that said injury arose out of and in the course of his employment. Upon the hearing before the Deputy Commissioner the only question litigated was whether the injury was an accidental injury, the attorney for the insurance company stating: " It is supposed that he got the anthrax germ at his work." In the opinion written in the case on the first award the Commissioner says: " I think it is fair to assume that he contracted anthrax in the course of his employment, and the question is, can his death, under the circumstances, be attributed to an accidental injury arising out of and in the course of his employment." The opinion is based upon the case of *Bacon* v. *United States Mutual Accident Association* (123 N. Y. 304), two judges dissenting. As was said by Mr. Justice COCHRANE in the case of *Hiers* v. *Hull & Co.* (178 App. Div. 350), commenting upon the *Bacon* case: " That case was decided with reference to the particular provisions and phraseology of the policy then under consideration, and it is quite clear that it constitutes no precedent under the statute we are now called upon to apply."

In the case of *Hiers* v. *Hull & Co.* (*supra*) it was held that an employee who, injured while handling diseased hides, became infected with anthrax germs through an abrasion in his hand previously sustained, met with an accidental injury within the meaning of the Workmen's Compensation Law.

In *Hart* v. *Wilson & Co., Inc.* (186 App. Div. 926; affd., 227 N. Y. 554), in which Hart died of tetanus, the Commission found that the contraction of tetanus, consisting of the bite of the bacillus of tetanus, which was undoubtedly in the wool, was an accidental injury within the meaning of the Workmen's Compensation Law. No opinion was written in this court or in the Court of Appeals in this case. This case makes it unnecessary to discuss the case of *Richardson* v. *Greenberg* (188 App. Div. 248).

In *Higgins* v. *Campbell & Harrison, Limited* (6 W. C. C. 1) a workman who had a pimple on his neck was employed in a wool combing factory. It was his duty to bring bales of wool to the factory and take them to the machine to be washed. In doing this he had to pass some bales of Persian wool, and in the course of his employment he contracted anthrax. Held, that he was entitled to compensation.

In *Brintons, Limited,* v. *Turvey* (7 W. C. C. 1) the applicant's husband was employed in the appellant's factory as a wool sorter. He became infected with anthrax from wool which it was his business to sort. An operation became necessary and resulted in his death. Held, by the House of Lords, that the contraction of anthrax was an accident.

In *Lewis* v. *Ocean Accident & Guarantee Corp.* (224 N. Y. 18) there was little doubt that the germ causing the death came from an infected pimple. It was held that if the pimple had been punctured by some instrument, and the result of the puncture was an infection of the tissues, then there was an accident, and the defendant was liable.

In *Horrigan* v. *Post-Standard Co.* (224 N. Y. 620), where decedent cut his finger at home and while engaged in cleaning a urinal put his injured hand into the water, producing an infection which caused his death, it was held that his death was the result of an accident and that the applicant was entitled to compensation.

In *Matter of Plass* v. *Central New England R. Co.* (169 App. Div. 826) Plass was engaged in cutting weeds along the railway right of way and came in contact with poison ivy which resulted in his sickness, reducing his power of resistance, and while in bed he contracted bronchitis which developed oedema of the lungs and he died quite suddenly. It was held that his widow was entitled to compensation.

The Commission has found that this claim falls within the principle of *Horrigan* v. *Post-Standard Co.* and of *Hiers* v. *Hull & Co.*

.The award should be affirmed.

All concurred, except WOODWARD and H. T. KELLOGG, JJ., dissenting.

Award affirmed.