Before STATE INDUSTRIAL COMMISSION.

In the Matter of the Claim of ELIZABETH CHRISTIAN, for Compensation under the Workmen's Compensation Law for the Death of Her Husband, JAMES B. CHRISTIAN, *v.* STATE CONSERVATION COMMISSION, Employer, and STATE INSURANCE FUND, Insurance Carrier.

Third Department, May 5, 1920.

**Workmen's Compensation Law — death of game protector of Conservation Commission caused by accidental injury — pneumonia contracted in course of employment.**

The death of a game protector of the State Conservation Commission was caused by an accidental injury arising out of and in the course of his employment, within the meaning of the Workmen's Compensation Law, where it appears that, while trying to remove a plug from a State boat in order to let the water out of it, he was compelled to work with his arm and shoulder under water, and as a result he contracted lobar pneumonia which together with heart toxeima caused his death.

H. T. KELLOGG and WOODWARD, JJ., dissent, with opinion.

CERTIFICATION by the State Industrial Commission to the Appellate Division, under section 23 of the Workmen's Compensation Law (as amd. by Laws of 1917, chap. 705), of the following question: " Was the death of James B. Christian due to accidental injuries arising out of and in the course of his employment as a game protector of the Conservation Commission of the State of New York within the provisions of chapter 67 of the Consolidated Laws, being chapter 816 of the Laws of 1913, as re-enacted and amended by chapter 41 of the Laws of 1914 and amended by chapter 316 of the Laws of 1914, as further amended by the Laws of 1915, 1916, 1917 and 1918, known as the Workmen's Compensation Law? "

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the State Industrial Commission.

*William M. Nicoll, Jr.,* for the employer and insurance carrier.

JOHN M. KELLOGG, P. J.:

The question is certified upon the following findings of fact: While said James B. Christian was engaged in the regular course of his employment, while fixing the State boat *George D. Pratt* for winter quarters and while trying to remove a plug from the bottom of the said boat in order to let water out of the boat, the said James B. Christian was compelled to work with his arm and shoulder in the water in removing the said plug, as a result of which he contracted lobar pneumonia which together with heart toxeima caused his death on December 10, 1918.

" ' The word " accident " is susceptible of and has received many definitions, varying with the connection in which it is used * * *. As used in an indemnity policy, such as this, we are of the opinion that the word " accident " means an undesigned and unforeseen occurrence of an afflictive or unfortunate character, resulting in bodily injury to a person other than the insured.' " (*Melcher* v. *Ocean Accident & Guarantee Corp.*, 226 N. Y. 51, 56; *Lewis* v. *Ocean Acc. & G. Corp.*, 224 id. 18, 20, 21; *Matter of Rist* v. *Larkin & Sangster,* 171 App. Div. 71.)

To " injure " means to harm, to inflict damage or detriment upon, to impair or deteriorate in any way; to subject to any deleterious or noxious action or influence, hurt, harm, a word of very wide application, as to injure property by misuse or neglect or injure the health by overwork or dissipation. To injure another's reputation by slander, to injure the cause of morality by bad example. (Standard Dictionary.)

The meaning of the words " accidental personal injury " used in a statute which is to be liberally construed towards an unfortunate employee would seem to follow from these authorities and bring this case within the act; that the employee met his death from the work he was doing in the course of his employment is beyond question.

Compensation has been awarded in the following cases as accidental injuries: Anthrax: *Brintons, Limited,* v. *Turvey,* (L. R. [1905] A. C. 230; 7 W. C. C. 1); Bradbury's Workmen's Compensation Law (3d ed.) 394. This case was cited in *Lewis* v. *Ocean Acc. & G. Corp.* (224 N. Y. 18, 21). (See, also, *Hiers* v. *Hull & Co.*, 178 App. Div. 350.)

Glanders: *Hood & Sons* v. *Maryland Casualty Co.* (206 Mass. 223; 92 N. E. Rep. 329).

Sunstrokes and heat strokes: *Hernon* v. *Holahan* (182 App. Div. 126); *Campbell* v. *Clausen-Flanagan Brewery* (183 id. 499); *Ismay, Imrie & Co.* v. *Williamson* (99 L. T. 595; 1 B. W. C. C. 232). (See Bradbury's Workmen's Compensation Law [3d ed.], 444.)

Frost bite: *Phonville* v. *New York & Cuba Mail Steamship Co.* (187 App. Div. 912; 226 N. Y. 622).

Inhalation of poisoning fumes: *O'Dell* v. *Adirondack Electric Power Co.* (181 App. Div. 910; 223 N. Y. 686).

Standing in an unnatural position with consequent lameness: *Karlin* v. *Kamber & Co., Inc.* (18 State Dept. Rep. 561; 188 App. Div. 941).

I conclude that the death resulted from an accidental injury and favor an affirmative answer.

All concur, except H. T. KELLOGG, J., dissenting with an opinion, in which WOODWARD, J., concurs.

H. T. KELLOGG, J. (dissenting):

The State Industrial Commission has certified to this court the question whether or not the death of one James B. Christian was due to accidental injury arising out of and in the course of his employment. Christian was engaged on December 3, 1918, in making ready for winter quarters a motor boat of his employer which was in a boathouse located at the edge of the Hudson river in Albany. The boat had been lifted from the water and was resting upon jacks about one foot above it. In order to drain the boat it became necessary to remove a plug from its under side. Christian lay down upon a platform at the edge of the water and, with a bolt and hammer in his hands, reached out his arms underneath the boat and for a half hour thereafter was engaged in pounding at the plug. He was upon his right side, and in order to operate his hammer he found it necessary frequently to immerse his right arm and shoulder in the water below the boat. The water was almost at the freezing point. As the result of his work in water Christian was seized with a cold from which lobar pneumonia developed causing his death on the tenth of December following. The question certified,

therefore, propounds the doubtful problem whether or not a cold naturally resulting in pneumonia and death, contracted by partial immersion in cold water voluntarily undertaken and endured, is an accidental injury within the meaning of the Workmen's Compensation Law.

It is for a disability or death resulting from *injury*, not from *accident*, that compensation by the express terms of the statute is made payable. (Workmen's Compensation Law, § 10.) In common speech " injury " signifies bodily hurt suddenly inflicted. It never denotes an internal ailment which has gradually developed. In other words, it is an *in*fliction not an *af*fliction. If one should say that he suffered from an injury no one would entertain the thought that he might be afflicted with a malady, even with a malady to which accidental exposure might have given rise. Therefore, were the case one of first impression, my view would be that Christian, though he contracted a cold through exposure, nevertheless sustained no injury from which his death resulted. In the light of a decision of this court, however, that view appears now to be untenable. (*Matter of Rist* v. *Larkin & Sangster*, 171 App. Div. 71.) In that case the claimant became tubercular because of a cold contracted by jumping into a river to avoid being struck by a falling timber. It was there said " his being accidentally thrown ten feet into the water was an injury," and a recovery was accordingly upheld. That case, however, leaves open the question whether the injury in this instance was accidental, for the court there pointed out: " The jumping into the river was, therefore, not a voluntary act, but was the result of the accident, which put the claimant in such peril that his getting wet must be considered accidental rather than voluntary." In this case the deceased voluntarily and by intention immersed his shoulder and arm in cold water, and, though the cold which he contracted may have been an injury, its contraction was not accidental, so that his death did not result from accidental injury, and was not compensable. Accordingly the question certified should be answered in the negative.

WOODWARD, J., concurs.

Question certified answered in the affirmative.