Before STATE INDUSTRIAL BOARD, Respondent.

JAMES D'OLIVERI, Respondent, v. AUSTIN, NICHOLS & COMPANY, INC., and Another, Appellants.

Third Department, January 7, 1925.

Workmen's compensation — accidental injury — claimant contracted pneumonia after working in icebox — pneumonia caused abscess in lungs — claimant was supplied with and wore heavy overcoat while at work — temperature was between thirty-five and forty degrees — claimant was not subjected to unusual and increased hazard — abscess not result of accidental injury.

An abscess in the claimant's lungs which was caused by pneumonia was not the result of an accidental injury, since it appears that the claimant contracted pneumonia after he had worked in an icebox for about one-half day; that he was supplied with and wore a heavy overcoat while at work and that the temperature in the icebox was between thirty-five and forty degrees. The hazards attending work in the icebox were definitely known to the claimant and he was not, therefore, subjected to unusual and increased hazards.

COCHRANE, P. J., and HINMAN, J., dissent.

Appeal by the defendants, Austin, Nichols & Company, Inc., and another, from awards of the State Industrial Board, made on the 24th day of July, 1923, and on the 30th day of April, 1924.

*Pettigrew, Glenney & Bovard* [*L. C. Stryker* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

McCann, J.:

The claimant was a fruit packer working in a storage warehouse. He was accustomed to enter an icebox to take in or out boxes of fruit and other goods. On the night before the accident in question, he was told that on the next morning he should go into the icebox and bring out a certain quantity of fruit and check off the number of packages. Heavy army overcoats were provided by the employer for the use of its employees doing this work and the claimant had put on an overcoat on the day in question. He went into the icebox at seven-thirty A. M. and remained there until noon. When he came out he felt cold and had a chill. On the same day he quit work, complaining of a pain in his side, coughed some and as his physician described, he had a " typical attack of pneumonia " which caused a small abscess in his lungs which caused his disability. His physician also testified, on an assumed state of facts which included the assumption that the temperature in the icebox was below the freezing point, that the work which the claimant did that morning under the conditions shown, was a competent producing cause of pneumonia. The evidence shows, however, that the temperature of the room was never below the freezing point, but was usually from thirty-five degrees to forty degrees. This variation, however, is immaterial. The findings are to the effect that the claimant was subjected to a special, unusual and increased hazard and that his chills, cold, pneumonia and a resultant empyema were the direct result thereof and caused his disability.

The points raised upon this appeal are: (1) There was no accident or unusual condition; (2) there was no proper medical basis for a finding that pneumonia resulted from the work which claimant was doing.

In *Matter of Woodruff* v. *Howes Construction Company* (228 N. Y. 276) the claimant claimed to have sustained an accident by using a screwdriver with which " he bruised the palm of his right hand which developed into a frog felon and as the result of which he was disabled." After reviewing the testimony, the award was reversed and the court laid down this rule: " An accidental event takes place without one's foresight or expectation; an event that

proceeds from an unknown cause, or is *an unusual effect of the known cause and therefore not expected."*

In *Jeffreyes* v. *Sager Co.* (198 App. Div. 446; affd., 233 N. Y. 535, on opinion of the court below) the claimant was employed by a photographer in the development of photographic plates. The *Woodruff Case (supra)* was cited and the award reversed. In commenting upon the distinction in the *Woodruff* case the court said: " In our case the one event, namely, the coming into contact of the hand and the solution, was expected, and, therefore, not accidental. Secondly, the injuries resulted from no occurrence which is referrable to any particular moment of time which is definite."

In the case of *Bixby* v. *Cotswold Comfortable Co.* (195 App. Div. 659) the claimant was employed as a carpenter and millwright. He was obliged in the course of his employment to enter a damp pit below the floor level. This pit was about twenty inches deep. He had to lie down to perform his work. He was also obliged to go out in the rain to get materials and his clothes became wet. He went home that night not feeling well and awoke in the morning with a cold. He developed diphtheria. There was no claim that anything in the nature of an accident occurred in the pit, nor was there anything different from the experiences on previous occasions during which time he had done work there. There is nothing to show that diphtheria was the natural and unavoidable result of anything which occurred at that time. The court held that no accident was established. No evidence was offered to show that the germ disease of diphtheria " naturally and unavoidably " resulted from any accidental injury. The court, in citing the *Woodruff* case, makes the following comment: " The claimant knew that the pit was damp; knew that he would get wet if he went out in the rain; no unusual effect of the known cause is suggested. There was, therefore, nothing in the nature of an accident."

In my opinion the foregoing decision is nearer in analogy than any case which has been cited. Attention is called also to the case of *Christian* v. *State Conservation Commission* (191 App. Div. 635) in which it appeared that while the claimant was fixing a boat and trying to remove a plug from the bottom of the same in order to let the water out, he was compelled to work with his arm and shoulder in the water, as the result of which he contracted lobar pneumonia and died. In this case an award was made. It is somewhat difficult to distinguish the two cases. The *Bixby* case was decided at a later date and by the same court as the *Christian* case but no reference is made to the latter in the decision

in the former.  The distinction lies in the fact that in the *Christian* case there was an unusual condition of working under water.  In the case at bar no unusual condition presented itself except the difference in temperature.  It would have been the same if he had worked out of doors instead of in the " icebox."  The fact that overcoats were furnished shows that the condition was so usual that provision had been made therefor.  It is suggested that precedents may be cited in many cases in which awards have been made for sunstroke, heat prostrations, and frostbites.  The distinction in these cases also lies in the fact that they are unusual hazards.  They are peculiar risks that are not usually expected.  The degree of heat which will cause a sunstroke, or of cold which will cause a frostbite, even if it might be anticipated, are not known in advance and the conditions are not those which were present when the claimant entered the icebox, as he knew exactly what conditions would there be met.  There was no special, unusual or increased hazard.  The hazard, if it might be so called, was a continuous one known fully to the claimant and his act a voluntary one; therefore, not accidental and referable to no moment of time which was definite (198 App. Div. 447, *supra*).  The mere fact that claimant became cold by reason of continuing to work in this room was no *accident.*

For the foregoing reasons and others  stated in *Matter of Connelly* v. *Hunt Furniture Co.* (212 App. Div. 225), the award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur, except COCHRANE, P. J., and HINMAN, J., dissenting.

Award reversed and claim dismissed, with costs against the State Industrial Board.