ÆTNA LIFE INS. CO. v. PORTLAND GAS & COKE CO.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1916.)

No. 2646.

INSURANCE ☜435—LIABILITY INSURANCE—RISKS ASSUMED—"ACCIDENTAL."
    Defendant insured plaintiff against loss and expense arising from damages on account of bodily injuries or death accidentally suffered by plaintiff's employés by reason of a business described in its policy. In the course of their work certain employés contracted typhoid fever from drinking water furnished them by the employer, who was compelled to pay damages to the injured employés. *Held*, that the workmen were bodily injured within the meaning of the policy and such injury was accidentally inflicted, as the accident consisted in this unexpected happening; "accidental" meaning the happening of something unexpectedly or unintentionally.

    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1144; Dec. Dig. ☜435.

    For other definitions, see Words and Phrases, First and Second Series, Accidental.]

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Action by the Portland Gas & Coke Company against the Ætna Life Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Senn, Eckwall & Recken, of Portland, Or., for plaintiff in error.

John A. Laing and H. W. Strong, both of Portland, Or., for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and RUDKIN, District Judge.

ROSS, Circuit Judge. The defendant in error Gas & Coke Company, being engaged in the construction of a gas plant on its property adjoining the government moorings in Multnomah county, Or., and having employed in the work a large number of men, secured from the plaintiff in error Insurance Company a policy entitled by the latter "Contractor's Employers' Liability Policy," by which, in consideration of certain premiums which the case shows the defendant in error paid, it agreed to indemnify the assured (within certain amounts within which the present case falls) against loss and expense arising or resulting from claims upon the assured for damages on account of bodily injuries or death accidentally suffered, or alleged to have been suffered, by an employé or employés of the assured by reason of the business as described and conducted at the locations named in the policy, with

certain exceptions not applicable here. In the course of the work certain of the employés of the Gas & Coke Company contracted typhoid fever from the water furnished them by the latter, on account of which that company was compelled to pay damages to such injured employés, to recover the aggregate amount of which from the Insurance Company the present action was brought. And the sole point here presented is whether the harm so done to the workmen constituted a bodily injury accidentally received or suffered by them, within the meaning of the policy in question.

Of course it is not and cannot be doubted that the workmen were bodily injured by the drinking of the water in the course of the work, for it contained typhoid germs, which gave them typhoid fever; but it is insisted on the part of the plaintiff in error that in drinking the water they were but satisfying a natural want, and that in doing so there was no accident about it. It is readily conceded, of course, that there could be no accident in merely drinking water; but it is just as certain that the men would not have drunk it, had they known that the water contained typhoid germs. The accident consists in that unexpected happening. Among the definitions of the word "accidental," in most, if not in all, of the dictionaries, is the happening of "something unexpectedly, unintentionally." Suppose, instead of containing typhoid germs, as in the present case, the water that the employés of the assured consumed had contained some of the most virulent poisons, would any one contend that the injuries resulting therefrom could not be properly held to have been accidentally inflicted? We think not, and yet, in our opinion, there is no substantial distinction between the case supposed and the case at bar.

The policy involved in the case of H. P. Hood & Sons v. Maryland Casualty Company, 206 Mass. 223, 92 N. E. 329, 30 L. R. A. (N. S.) 1192, 138 Am. St. Rep. 379, was similar to that involved in the present case. There one Barry, who was employed by the plaintiff in that action as a hostler in its stables, had the care of horses which were afterwards found to have been suffering from glanders, and Barry was directed to assist in cleaning up the stalls; no notice being given him that the horses had suffered from glanders. Subsequently he was attacked by that disease, and recovered judgment against the assured in that case for damages, which the assured paid, and sued the insurance company to recover the amount so paid, with costs and expenses of suit. In the course of its opinion the court said, among other things:

"The policy is entitled 'Manufacturer's Employers' Liability Policy.' The contract which it contains is one of indemnity, in which the defendant engages to make good to the plaintiff any loss or damage which it may sustain by reason of its liability to its employés for bodily injuries accidentally suffered by them while engaged in doing the work which they were employed to do. It is a kind of insurance that has grown out of modern industrial and business conditions, and it is intended to afford full protection to employers in all cases where their employés have accidentally received bodily injuries for which they are liable. It also accomplishes the economic result, with which, however, we have nothing to do, of distributing more or less widely some of the loss or damage which falls on those engaged in industrial occupations. It is to be noted that the policy does not contain the words 'violent

and external,' in addition to the word 'accidental,' as is the case in many, if not most, accident policies. The insurance is liability insurance, so called, and not insurance against accidents. The liability insured against is that 'imposed by law upon the assured for damages on account of bodily injuries or death accidentally suffered * * * by any employé.' Although the policy contains many conditions, there is no limitation or exception in regard to the kind or nature or cause of the accidents out of which the liability insured against may arise. The fact that the accident may have been occasioned through negligence on the part of the insured is therefore immaterial."

After alluding to the fact that Barry suffered bodily injury in consequence of becoming infected with glanders, as much so as if he had had a leg or an arm broken by a kick from a vicious horse, the court further said:.

"Was the injury brought about accidentally, within the fair scope and meaning of the policy, or was it the result of disease contracted while in the employ of the plaintiff, but for which the defendant is not liable? It is clear, we think, that the infection which caused the disease from which Barry suffered was due to accident. It was in the nature of an accident that he was set to work upon or cleaning up after horses that had glanders, and it was in the nature of an accident that he became infected with the disease. The language used by Mathew, L. J., in Higgins v. Campbell & Harrison and Turvey v. Brintons, [1904] 1 K. B. 328, 337, where the judgment of the Court of Appeal was sustained by the House of Lords (Brintons v. Turvey, [1905] A. C. 230), though there was a vigorous dissent by Lord Robertson, is appropriate here: 'It was an accident that the workman, in dealing with the wool, was brought in contact with that which might infect him with this disease of anthrax, and it was a further accident that the disease attacked him.' If the disease was the result of an accident, then we do not see why it does not follow that the bodily injury which Barry suffered as the result of the disease was not accidentally suffered, nor why the cause does not come within the terms of the policy. The language is 'bodily injuries accidentally suffered.' It hardly could be broader. The intention is, as has been said, to afford full protection and indemnity to the assured. Any accident that causes bodily injury in any way is included. Bodily injury is more commonly associated, perhaps, with physical force of some sort, but in the absence of anything in the policy limiting it to that we do not see how or why it can or should be so restricted. A liability growing out of an accident which results in infecting the workman with a loathsome and dangerous disease, and thereby causes him great and perhaps lasting physical injury, would seem to be as much within the spirit and intent of the contract as if the injury had been caused by a blow or some other equally obvious manifestation of force."

Numerous other cases will be found cited by the Supreme Judicial Court of Massachusetts in the case referred to, in support of its ruling, which we think, as did that court, rest upon sound principles.

The judgment is affirmed.