In the Matter of the Claims of HAROLD S. BRIGHAM et al., Respondents, against THE CITY OF NEW YORK, Appellant.

**Appeal — unanimous affirmance by Appellate Division of order confirming report of commissioners in proceedings by city of New York, under chapter 724 of Laws of 1905, to acquire lands for water supply purposes, not appealable, without permission, to Court of Appeals.**

The amendment to section 190 of the Code of Civil Procedure (L. 1917, ch. 290) now regulates the practice on all appeals from judgments or orders and in effect supersedes and repeals special provisions of statutes permitting appeals in particular cases. Section 22 of chapter 724 of the Laws of 1905, which provides that, in a pro-

ceeding by the city of New York to acquire land for its additional water supply, an appeal may be taken, must, therefore, be deemed repealed in so far as it permits an appeal to the Court of Appeals, without permission, from an unanimous affirmance of an order finally determining such proceeding.

*Matter of Brigham* v. *City of New York*, 185 App. Div. 917, appeal dismissed.

(Submitted February 24, 1919; decided July 15, 1919.)

MOTION to dismiss an appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, which unanimously affirmed an order of Special Term confirming the report of commissioners in a proceeding under section 42 of chapter 724 of the Laws of 1905, as amended by section 9 of chapter 314 of the Laws of 1906.

*William D. Brinnier* and *Palmer Canfield, Jr.*, for motion.

*William P. Burr, Corporation Counsel* (*William McMurtrie Speer* of counsel), opposed.

*Per Curiam.* Chapter 724 of the Laws of 1905 provides for the acquisition by the city of New York of lands and interests therein for the construction of the necessary reservoirs and appurtenances for an additional water supply. From the confirmation of the report of the commissioners, appointed to assess damage, an appeal is allowed by section 22 which reads as follows: " * * * but from any determination of the special term an appeal may be taken to the appellate division and from any determination of the appellate division, either party, if aggrieved, may take an appeal which shall be heard and determined by the court of appeals."

This act was amended by the following laws without any change, however, being made in section 22:

Chapter 314, Laws of 1906, amending sections 3, 11, 13, 17, 31, 35, 37, 41 and 42; chapter 438, Laws of 1907, amending section 33; chapter 478, Laws of 1914, adding new section 35a; chapter 527, Laws of 1916, amending sections 11 and 42; chapter 601, Laws of 1916, amending section 40.

On June 1, 1917, chapter 290 of the Laws of 1917 went

into effect, amending section 190 of the Code of Civil Procedure regarding the jurisdiction of the Court of Appeals. It reads: " From and after the 31st day of May, 1917, the jurisdiction of the court of appeals shall, in civil actions and proceedings, be confined to the review upon appeal of an actual determination made by an appellate division of the supreme court in either of the following cases *and no others.*"

The instances in which an appeal may be taken as matter of right are then specified. No appeal, however, is allowed from an unanimous affirmance by the Appellate Division finally determining an action or special proceeding not appealable as matter of right unless the Appellate Division shall certify that, in its opinion, a question of law is involved which ought to be reviewed by the Court of Appeals or where in case of the refusal so to certify, an appeal is allowed by this court.

This amendment to section 190 of the Code of Civil Procedure now regulates the practice on all appeals from judgments or orders and in effect supersedes and repeals special provisions like those contained in section 22 of chapter 724 of the Laws of 1905, referred to above. Where a later act covers the whole subject of earlier acts, together with new provisions, and plainly shows that it was intended not only as a substitute for the earlier acts, but to cover the whole subject, then considered by the legislature and to prescribe the only rules in respect thereto, it will operate as a repeal of all former statutes relating to such subject-matter even if such former acts are not in all respects repugnant to the new act. (*City of Buffalo* v. *Lewis,* 192 N. Y. 193; *People* v. *Jaehne,* 103 N. Y. 184, 194; *King* v. *Cornell,* 106 U. S. 395.)

This motion is made to dismiss the appeal of the city of New York taken from a judgment of affirmance entered September 26, 1918. The decision of the Appellate Division was unanimous and it is stated in the moving papers that no application has been made to that court for leave to appeal. The appellant states that many like appeals are pending and that a decision in the

37

*Van Etten* case about to be argued in this court will be decisive of all points involved. It will be noticed that in the' *Van Etten* case the Appellate Division allowed an appeal in accordance with section 190. No such allowance has been made in this case and the time to apply for leave to appeal has expired. The motion, therefore, to dismiss the appeal is granted, with costs.

Motion granted and appeal dismissed, with costs and ten dollars costs of motion.