In the Matter of the Application of EDWARDS D. EMERSON and Others, Constituting the Board of Education of the City of Buffalo, Respondents, v. GEORGE S. BUCK and Others, Constituting the Council of the City of Buffalo, and Ross GRAVES, as Commissioner of Finance and Accounts of Said City of Buffalo, Appellants.

Fourth Department, November 17, 1920.

Schools — general powers of boards of education — salaries of teachers — city of Buffalo — provisions of charter and ordinances repealed — power of board of education to fix salaries and compel common council to raise money to pay same — mandamus.

The entire management of schools in the cities of the State has been placed in the boards of education thereof and that includes the power to hire all teachers and other employees of the board and fix their salaries.

The boards of education being thus given the power to fix the salaries of teachers and other employees in the departments of education in cities, it follows that they have the power to compel the common council to raise moneys in the usual way by taxation to enable the boards to pay the salaries.

The provisions of the charter and ordinances of the city of Buffalo giving the power to the common council to modify estimates submitted by the departments of the city, including the department of education, were repealed by the amendments to the Education Law in 1917 and 1919 so far as the estimates of the board of education were concerned.

The board of education of the city of Buffalo having made the appointments of teachers and other employees for the fiscal year beginning July 1, 1920, and fixed their salaries and reported its estimates to the common council, the city thereupon became liable to pay the amount of the board of education's estimates, and it was the duty of the council to place the amount in the budget and provide by taxation for its payment.

The common council of the city of Buffalo had no power, therefore, to reduce the estimates submitted by the board of education and the board was entitled to a writ of mandamus to compel the council to place said estimates in the budget.

APPEAL by the defendants, George S. Buck and others, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 30th day of June, 1920, directing the issuance of

Fourth Department, November, 1920.          [Vol. 194.

a peremptory writ of mandamus, and also, as stated in the notice of appeal, from such peremptory writ of mandamus.

· *William S. Rann* [*Hamilton Ward* of counsel], for the appellants.

*Fleischmann & Pooley* [*Simon Fleischmann, Louis E. Des-becker* and *Adrian Block* of counsel], for the respondents.

CLARK, J.:

This is an appeal from an order of the Erie County Special Term, · requiring the defendants, the council of the city of Buffalo, and commissioner of finance and accounts of said city, by peremptory writ of mandamus, to include in the estimates of the amounts to be raised by taxation in Buffalo for the fiscal year beginning July 1, 1920, various amounts reported by the board of education to the council of the city of Buffalo, for the salaries of certain teachers and other employees of said board during said fiscal year, which amounted in the aggregate to $345,629, and which said amount had been eliminated from such estimates, as reported by the board of education, by the council and commissioner of finance of said city.

The question to be determined here is whether or not the council has the power to modify and in any manner alter or curtail the amount of estimates submitted by the board of education for school purposes in said city, and particularly for salaries of teachers and other employees in the department of education, and upon which appropriations for school purposes are to be based.

The council has exercised the power which it claims to possess and has materially reduced the estimates furnished by the board of education for educational purposes in Buffalo for the fiscal year beginning July 1, 1920, and the board of education asserts that the council exceeded its authority when it assumed to interfere with and cut the estimates furnished by the board for salaries.

The tendency of legislation in recent years has been in the direction of enlarging the powers and authority of boards of education, to the end that the educational facilities of the State should be taken away from the control of municipal

authorities, and thus to remove them as far as possible from political influence, and place them in charge of boards of education composed of persons selected because of their supposed familiarity with educational matters and the requirements of the educational systems in their localities.

The cut in the estimates of the board of education as made by defendants, relates to teachers and other employees of the department of education and their salaries, and not to property, as is shown by Schedule A, attached to the moving papers.

The city charter of Buffalo provided for the appointment of members of the board of education by the council, the nominations to be made by the mayor. (Laws of 1914, chap. 217, § 44, as amd. by Laws of 1919, chap. 130.)

Section 290 of said act provided that " * * * Under the control of the council, they [the board of education] shall have charge of the public schools, their property, expenditures and affairs."

Under that statute, while the board of education had large powers with reference to educational matters in Buffalo, it was subordinate to the powers of the council in that regard, for they acted " under the control of the council." But in 1917 the Legislature amended the Education Law, and it greatly enlarged the powers of boards of education. By chapter 786 of the Laws of 1917, article 33-A, providing for a " board of education in the several cities of the State," was added to the Education Law. Section 865 of said Education Law, as added by the act of 1917, provides for establishing a board of education in each city of the State, and also provides that " The educational affairs in each city shall be under the general management and control of a board of education to consist of not less than three and not more than nine members, to be chosen as hereinafter provided, and to be known as members of the board of education." That section was amended by chapter 299 of the Laws of 1919 so far as it applied to certain third class cities.

Section 868 of said Education Law defines the powers and duties of boards of education in cities, and it gives such boards practically unlimited authority over the management of the schools in cities, including the appointment of superintendents and principals, and employing teachers, lecturers, attendance

officers and other employees in educational work, or in the business management or direction of its affairs as a board, and in fact it gave to the boards of education complete authority as to the management of schools in the cities, but it did not enlarge their powers in regard to regulating salaries of teachers and other employees of boards of education. It was still left in the hands of the council to finally regulate the salaries.

Subdivision 6 of section 872 of said Education Law provides: " The salaries of all members of the supervising and teaching force and of all employees and for all positions authorized under section eight hundred and sixty-eight of this act shall continue to be on the same basis as such salaries and positions are when this article goes into effect, and such salaries shall continue to be regulated and increased in the same manner, by the same provisions of law and under the same conditions as such salaries are regulated and increased under the laws governing such salaries at the time this article goes into effect."

Subdivision 1 of section 877 of said Education Law provides, among other things: " The board of education in each city having a population of less than one million, shall prepare annually an itemized estimate for the current or ensuing fiscal year of such sum of money as it may deem necessary for the purposes stated in this section, after crediting thereto the amount anticipated in the next apportionment of school funds from the State and the estimated amount to be received from all other sources. Such itemized estimate in such cities shall be filed at such times and in such manner as city departments or officers are required to submit estimates for such departments or officers."

Subdivision 6 of section 877 of said Education Law provides: " In a city which had, according to the Federal census of nineteen hundred and ten, a population of four hundred thousand or more but less than one million such estimate shall be filed with the officer authorized to receive other department estimates and the same acted on by such officer and by the council of such city in the same manner and with the same effect as other department estimates."

By this legislation sections 290 to 293, inclusive, of the charter of the city of Buffalo (Laws of 1914, chap. 217), whereby

school boards were placed under the control of the council, were repealed.

The law remained in this condition with boards of education in cities having practically exclusive control of the schools in their respective cities, except as to fixing salaries of teachers and other employees until the Legislature at its session in 1919 passed a further amendment to the Education Law, being chapter 645 of the Laws of 1919, which is an added article to the Education Law and known as article 33-B. Among the sections of that article is section 882, which reads as follows: " The board of education of each city of the State shall adopt by-laws fixing the salaries of the superintendent of schools, associate, district or other superintendents, members of the board of examiners, if any, directors, inspectors, supervisors, principals, teachers, lecturers, special instructors, and of all other members of the supervising and the teaching staff. Such by-laws shall establish uniform schedules of salaries for all members of the supervising and teaching staff in each city."

Section 887 of said Education Law is as follows: " The board of education in each city of the State shall fix the salaries and annual salary increments of all members of the supervising and teaching staffs and of all principals, teachers, supervisors or other employees, whose salaries are not fixed by the provisions of this act. The board of education in each city may also, in its discretion, increase the minimum salaries and salary increments of any members of the supervising and teaching staffs or other employees, whose salaries are not fixed by the provisions of this act."

The act, by section 4, specifically repeals all acts and parts of acts, general or special, which are inconsistent with its provisions.

A reading of these sections shows clearly and conclusively that finally the Legislature evinced a definite purpose to place the entire management of schools in the cities of the State in the boards of education, and that included the hiring of all teachers and other employees of the board, and fixing their salaries.

Almost every change that has been made in the Education Law in recent years has been in line with the idea of enlarging the powers of boards of education and to separate them entirely

from municipal management and control. The amendment to the Education Law in 1917 (Laws of 1917, chap. 786) did this very thing in every respect, excepting in the matter of fixing salaries, and by the act of 1919 (Laws of 1919, chap. 645) even the matter of fixing salaries of the supervising and teaching staffs in the cities of the State was taken from the municipal authorities and placed exclusively in the hands of boards of education.

The boards of education being thus given the power to fix salaries of teachers and employees in the department of education in cities, it follows that they must have the power to compel the council to raise moneys in the usual way by taxation to enable the boards of education to pay the salaries.

The board of education made the appointments of teachers and other employees for the fiscal year beginning July 1, 1920, and fixed their salaries and reported its estimates to the council. The city thereupon became liable to pay the amount of the board of education's estimates, and it was the duty of the council to place the amount in the budget and provide by tax-ation for its payment, for it was a city liability. (City Charter, § 102; Education Law, §§ 882, 887, as added by Laws of 1919, chap. 645.)

By the charter and ordinances of the city of Buffalo the council had the power and right to modify estimates submitted by the departments of the city government, including the department of education, but the amendments to the Education Law in 1917 and 1919, above quoted, are so inconsistent with the provisions of the city charter in regard to the fixing of salaries of teachers and other employees in departments of education in cities, that they cannot be harmonized, and the provisions of the charter must be deemed repealed by the later legislative enactments. (*Matter of Brigham* v. *City of New York*, 227 N. Y. 575; *City of Buffalo* v. *Lewis*, 192 id. 193.)

The board of education of the city of Buffalo before July 1, 1920, fixed and established the salaries of the teachers and other employees in the public schools of said city for the fiscal year beginning July 1, 1920, and the number of teachers and other employees who would be required for the successful conduct of the schools during that period, and the board of education estimated the amount of money necessary to be

raised to pay the salaries of teachers, and the amount necessary to be raised by tax for the general support of the schools for said year. It then reported the estimates to defendant Ross Graves, and required of him and the council of said city that they include in the estimates to be adopted by them the amounts necessary for the support of the schools as estimated by the board of education, and defendants refused to include said amounts in the budget, but assumed to reduce them from the amounts demanded by the board of education by the amount of $345,629.

It is our conclusion that the council was without authority or power to make such reductions, or any of them; that the matter of hiring teachers and other employees in the department of education, and fixing their salaries, rested exclusively with the board of education, and that said board had the exclusive right to appoint a superintendent of schools, principals, teachers and other employees as said board might determine necessary for the efficient management of the schools in the city of Buffalo, and fix their salaries, and that the city council was bound under the terms of the Education Law, as amended in 1919, to accept the estimates for educational purposes, as furnished by the board of education, and place them in the budget in the year 1920, and to exercise its legal functions in raising the money by taxation for the support of the schools in Buffalo, and pay the salaries of teachers and other employees, as fixed by the board of education.

The defendants refused to place the amounts required by the board of education in the budget, and mandamus is the proper procedure to compel them to do so.

The order appealed from must be affirmed, with costs.

All concur.

Order affirmed, with costs.