## HOUSTON PACKING CO. et al. v. MASON. (No. 1411.)

(Court of Civil Appeals of Texas. Beaumont. June 15, 1926.)

1. **Master and servant ⬉417(4½)—Complaining party must allege and prove rendition of award, give notice to adverse party that he will not abide award, and that suit will be filed.**

   To give court jurisdiction of suit to set aside award of Industrial Accident Board, complaining party must both allege and prove rendition of award, notice to adverse party that he will not abide award, and that suit will be filed to set same aside.

2. **Master and servant ⬉418(4)—Admission of jurisdictional requirements could not be considered on appeal, where admission did not appear in record.**

   In suit to set aside final judgment and award of Industrial Accident Board, where defendant's admission of plaintiff's failure to comply with statute giving trial court jurisdiction was not incorporated into record, such admission could not be considered on appeal, since state of record must control, and court below was without jurisdiction.

3. **Master and servant ⬉373—Anthrax contracted by employee of packing plant held compensable as "injury arising by accident" "in course of employment."**

   Where employee engaged in skinning cattle in packing plant contracted anthrax, as result of contact with anthrax germ, in discharge of his duty, such disease was "injury arising by accident" and result of hazard incident to and "in course of his employment," and therefore compensable.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Course of Employment.]

4. **Master and servant ⬉373—Workmen's Compensation Act does not imply that personal injuries shall arise from purely accidental causes (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.).**

   Fact that Industrial Board is designated by Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.), as "Industrial Accident Board, " does not imply that personal injuries for which compensation is awarded shall arise from purely accidental causes.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Suit by Mrs. Artie Mason, surviving widow of J. P. Mason, against the Houston Packing Company and others to set aside a final ruling and award of the Industrial Accident Board. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Morris, Sewell & Morris, of Houston, for appellants.

H. C. Gerlack, of Houston, and H. H. Cooper, of Amarillo, for appellee.

O'QUINN, J. Mrs. Artie Mason, surviving widow of J. P. Mason, deceased, in her own behalf and as next friend for her two minor children, brought this suit in the district court of Harris county, Tex., against the Houston Packing Company, the Texas Employers' Insurance Association, the Lumbermen's Reciprocal Association, and the Industrial Accident Board of Texas, to set aside a final ruling and award of said Industrial Accident Board and to recover compensation under the Employers' Liability Act of Texas (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.) on account of the death of said J. P. Mason.

The case was tried before the court without a jury, and resulted in a judgment setting aside the award of the Industrial Accident Board and awarding appellees judgment against the Texas Employers' Insurance Association for compensation in a lump sum of $5,711.27, with interest and costs, and awarding to appellees' attorneys one-third of the recovery as their fee in said cause. The case is before us on appeal for review.

[1, 2] The judgment will have to be reversed. While the award of the Industrial Accident Board is shown by the record, there is nothing in the record to show that appellees ever gave notice to the adverse parties that they were dissatisfied with the award and were not willing to abide same, or that they would file suit to set same aside. The statute requires that any interested party who is not willing and does not consent to abide by any final ruling and decision of the Industrial Accident Board shall, within 20 days after the rendition of said final ruling and decision, give notice to the adverse party and to the board that he will not abide by said ruling and decision, and shall, within 20 days after giving such notice, file suit in the county where the injury occurred to set aside said final ruling and decision. In order that the court in which the suit is filed to set aside the award of the board may have jurisdiction to hear and determine the matter, it is necessary that the complaining party both allege and prove the rendition of the award, the notice to the adverse parties that the party giving the notice is not willing to and will not abide the award, and that suit will be filed to set

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

same aside. The record not reflecting that this was done, the court below was without jurisdiction to hear the case and render the judgment. Counsel for appellees, in their brief, urge that in the trial court appellants admitted these matters and therefore the judgment should be affirmed, but if such admissions were made they should have been incorporated into the record, and, this not being done, the state of the record must control.

[3] Appellants insist that the cause should be reversed and judgment here rendered for them because it was neither alleged nor proven that deceased sustained any injury in the course of his employment or that his death resulted from an injury so sustained. Plaintiff alleged that deceased, J. P. Mason, contracted what is known as anthrax in the due course of his employment, and that his death resulted from said disease so contracted. It was shown that deceased was employed by the Houston Packing Company, and that his work was skinning cattle. The contention of appellants is that the contracting of said disease and death resulting therefrom does not come within the Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.), for in that the contracting of such disease is not an accidental injury nor a disease naturally resulting from an injury.

The authorities are not in harmony as to whether death resulting from such disease contracted by an employee in the course of his employment is compensable as for an injury arising by accident. The great weight of authority, we believe, holds that in such cases compensation should be allowed, and we think that the authorities so holding are sounder in principle and more in consonance with the intent and reason of the law and the liberal interpretation to be given it than those holding to the contrary. In such cases, it is because the employee in the discharge of his duty is brought in contact with the anthrax germ that he contracts the disease, and we think it correct to say that the consequent injury suffered by the employee was accidental and the result of a hazard incident to and in the course of his employment and therefore compensable. That such injuries are compensable is held in: Brintons v. Turvey (Eng.) 2 Ann. Cas. 137. In this case, a workman, while engaged in sorting wool in a factory, was infected with anthrax and died thereof. It was held that his death was attributable to personal injury by accident arising out of and in the course of his employment. Ann. Cas. 1918B, 788, note. In discussing the question, the court said:

"It was an accident that the workman, in dealing with the wool, was brought in contact with that which might infect him with this disease of anthrax, and it was a further accident that the disease attacked him."

Hood v. Maryland Casualty Co., 206 Mass. 223, 92 N. E. 329, 30 L. R. A. (N. S.) 1192, 138 Am. St. Rep. 379. In this case a hostler contracted glanders from a diseased horse and died of the disease, and it was held that his death was accidental, the court saying:

"It is plain that Barry suffered bodily injury in consequence of becoming infected with glanders; as much so as if he had had a leg or an arm broken by a kick from a vicious horse. * * * It was in the nature of an accident that he was set to work upon or cleaning up after horses that had glanders, and it was in the nature of an accident that he became infected with the disease."

McCauley v. Imperial Woolen Co., 261 Pa. 312, 104 A. 617, 17 N. C. C. A. 864. McCauley was a wool sorter, and while handling wool became infected with anthrax, from which he died. In construing the provisions of the Pennsylvania Workmen's Compensation Act (Pa. St. 1920, § 21916 et seq.), the court said:

"It is plain from these provisions that the act before us contemplates injuries by accident only, and, therefore, does not cover what are termed 'occupational diseases.' It remains but to show that, in this case, the entry of the anthrax germ into the body of the deceased, and the disease or infection which naturally resulted therefrom, can be held properly to constitute an accident within the meaning of the act. * * * Here, the anthrax germ, a distinguishable entity, came into actual contact with the deceased, thus gaining an entrance into his body, and his neck began to swell and discolor; therefore the complaint from which McCauley died can be traced to a certain time when there was a sudden or violent change in the condition of the physical structure of his body, just as though a serpent, concealed in the material upon which he was working, had unexpectedly and suddenly bitten him"—citing Hiers v. Hull (Sup.) 164 N. Y. S. 767.

Dove v. Alpena Hide & Leather Co., 198 Mich. 132, 164 N. W. 253. In this case Dove was an employee of the company engaged in unloading a car of hides which had been imported from South America. He became "infected" from breathing infected air, caused by infected dust arising from the handling of the hides, and died. It was held by the court, quoting from the syllabus:

"Where dust containing infection arose from the hides which a tannery employé was handling, and germs in the dust were carried into his body by inhalation, his death as a result thereof was an accidental one, for which compensation was properly awarded; the accidental feature of the case being that the septic germs were taken up by the respiratory organs and carried into the system, which was unusual in the work."

Eldridge v. Endicott, Johnson & Co. (Sup.) 177 N. Y. S. 863. In this case the employee's neck was slightly cut while being shaved in a barber shop, and the following day, while

working in a tannery handling hides, symptoms of anthrax first appeared. He died, and it was held that his death was due to accidental injury arising in the course of his employment—citing Hiers v. Hull (Sup.) 164 N. Y. S. 767, and numerous other cases.

Chicago Rawhide Manufacturing Co. v. Industrial Commission, 291 Ill. 616, 126 N. E. 616. In this case the deceased employee worked for the Chicago Rawhide Manufacturing Company, engaged in tanning hides. He contracted anthrax, from which he died. The only question was whether deceased met with an accident arising out of and in the course of his employment, and the court held that he did, and that claimants were entitled to compensation. In holding that the injury was accidental, the court cited Brintons v. Turvey and McCauley v. Imperial Woolen Mills, supra.

Hiers v. Hull & Co. (Sup.) 164 N. Y. S. 767. Here an employee contracted anthrax while handling hides, and it was held to be an accidental injury arising out of and in the course of his employment.

Richardson v. Greenberg (Sup.) 176 N. Y. S. 651. In this case it was held that the contraction of glanders through inhalation of the bacteria of glanders, resulting in death of a stableman, was not an accidental injury arising out of and in the course of the employment, within the Workmen's Compensation Law. Two of the judges dissented. In a later case, Eldridge v. Endicott, Johnson & Co. (Sup.) 177 N. Y. S. 863, the same court held that an employee contracting anthrax from which he died received an accidental injury arising in the course of his employment, for which compensation was allowable. In the course of the opinion the court cites the case of Hart v. Wilson (Sup.) 172 N. Y. S. 896, in which the injured employee died from tetanus contracted while handling wool, which was held to be an accidental injury and compensable, and which was affirmed by the New York Court of Appeals, 227 N. Y. 554, 124 N. E. 898, and said that case made it unnecessary to discuss the case of Richardson v. Greenberg, supra.

Ætna Life Insurance Co. v. Portland Gas & Coke Co., 229 F. 552, 144 C. C. A. 12, L. R. A. 1916D, 1027. In this case, the only question involved was whether the contraction of typhoid fever by an employee by drinking infected water supplied by the master constituted bodily injury accidentally received, and it was held that it did, citing Hood v. Maryland Casualty Co., supra.

In State v. District Court, 138 Minn. 131, 164 N. W. 585, L. R. A. 1918C, 116, it was held that "freezing" was a personal injury caused by accident, entitling the injured party to compensation. This case cites numerous cases sustaining the holding.

In re William Hurle v. American Mutual Liability Insurance Co., 217 Mass. 223, 104 N. E. 336, Ann. Cas. 1915C, 919, L. R. A. 1916A, 279. Here blindness through optic neuritis, due to poisonous gas from a furnace about which the injured person was obliged to work, was held to be a personal injury arising out of and in the course of the employment, and compensable.

Vennen v. New Dells Lumber Co., 161 Wis. 370, 154 N. W. 640, L. R. A. 1916A, 273, Ann. Cas. 1918B, 293. In this case a workman became afflicted with typhoid fever which caused his death from drinking polluted water furnished him by his employer. It was held that his death was proximately caused by accident while he was performing services growing out of and incidental to his employment.

Amalgamated Sugar Co. v. Industrial Commission, 56 Utah, 80, 189 P. 69. In this case the employee was engaged in wheeling lime from a kiln in a lime room of his employer. Lime dust was present, and gases were generated, so that it was necessary to keep a pump in constant operation to drain off the gas from the room. While so engaged the employee became violently ill and died. It was shown that he died from carbon monoxide poisoning, caused by breathing the gas. It was held that he suffered the injury in the course of his employment and was entitled to compensation.

Travelers' Insurance Co. v. Smith (Tex. Civ. App.) 266 S. W. 574. This was a case by this court. The employee died from pneumonia caused by the inhalation of chlorine gas in the course of his employment with the Gulf Refining Company, and we held that the inhalation of the gas, causing lobar pneumonia, was an injury or personal injury within the terms of the Workmen's Compensation Act, entitling claimants to compensation.

[4] Appellant argues that, as the law creating the agency for administering the Workmen's Compensation Act designates it the "Industrial Accident Board," that this evidences the intent of the law to restrict compensable injuries to those of a purely accidental nature. We do not believe the contention is sound. The name "Industrial Accident Board" is a mere title and cannot fairly be treated as restrictive of its duties, and does not, in our opinion, imply that the personal injuries for which compensation is awarded shall arise from purely accidental causes. Hurle's Case, 217 Mass. 223, 104 N. E. 336, L. R. A. 1916A, 279, Ann. Cas. 1915C, 919.

Several questions relating to the pleadings, procedure, and sufficiency of the evidence are presented, but, as they may be avoided, and hence not arise upon another trial, we do not discuss them.

The judgment is reversed and the cause remanded.