**TAYLOR DREDGING CO. v. TRAVELERS INS. CO. OF HARTFORD, CONN.**

No. 407.

Circuit Court of Appeals, Second Circuit.

June 7, 1937.

450

Lynch, Hagen & Atkins, of New York City (Anthony V. Lynch, Jr., and Henry C. Eidenbach, both of New York City, of counsel), for appellant.

Moran, Galli & McGlinn, of New York City (Bernard J. McGlinn, Louis P. Galli, and William J. Moran, all of New York City, of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellant seeks a recovery of attorney's fees and expenses incurred by it in defending an action brought against it by an employee who claimed that he contracted pulmonary tuberculosis because he was provided damp, wet, and unsanitary quarters while working on appellant's dredge. Appellee issued its policy of insurance covering appellant "as respects personal injuries sustained by employees, including death at any time resulting therefrom." The policy indemnifies the employer against loss by reason of liability "imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed. * * *" It obligates the appellee to defend in the name and on behalf of the appellant "any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent." This provision is subject to the exception set out in paragraph 7: "This agreement shall apply only to such injuries (i. e. personal injuries) so sustained by reason of accidents occurring during the Policy Period. * *. *" Whether the instant case comes within this exception is the only issue to be decided.

The complaint in the action brought by Ekholm, the employee, against the appellant alleged that in the course of his employment he "contracted a cold, cough, fever, pleurisy, his resistance was lowered, his lungs were affected and impaired * * * and his illness developed into pulmonary tuberculosis by reason of the negligence of the.defendant * * ·* in that the living quarters * * * were in an unsanitary, wet, damp, leaky, improperly ventilated, unfit, unsafe and unsea-

worthy condition; in that the deck overhead leaked, causing and permitting water to enter his living quarters. * * *"

The injuries alleged do, it seems, fall within the scope and meaning of the policy. There is nothing in the language of the policy—which is one of indemnity and not of liability insurance—which compels us to restrict it to only those injuries which are of a physical or external character or follow upon physical force or violence. Aetna Life Ins. Co. v. Portland Gas & Coke Co., 229 F. 552, L.R.A.1916D, 1027 (C.C.A.9); Hood & Sons v. Maryland Casualty Co., 206 Mass. 223, 92 N.E. 329, 30 L.R.A.(N.S.) 1192, 138 Am.St.Rep. 379. The policy refers generally to "personal injuries" and should be construed as broadly, at least, as the policy in the Aetna Case which covered "bodily injuries" and was held to apply where employees engaged in construction work contracted typhoid fever from drinking water furnished them by their employer.

The difficulty, however, is that no accidental cause exists. The complaint describes the condition of the employee's quarters which was claimed to have been negligently caused by the appellant; nowhere does it allege any event or happening, produced by that negligence or otherwise, which resulted in the injuries sustained. While "accident" is not defined in the policy, its various provisions indicate that "accident" is referred to only as a sudden or instant happening. It states: "The obligations and promises of the Company * * * shall not be affected by * * * any default of this Employer after the accident in the payment of premiums. * * *" And "this Employer, upon the occurrence of an accident, shall give immediate written notice thereof to the Company. * * * He shall give like notice with full particulars of any claim made on account of such accident."

The notion of an accidental cause is not susceptible of precise definition, though it has been stated that it must partake of an unexpected or unforseen character (see Landress v. Phoenix Mut. Life Ins. Co., 291 U.S. 491, 496, 54 S.Ct. 461, 462, 78 L. Ed. 934, 90 A.L.R. 1382; Aetna Life Ins. Co. v. Portland Gas & Coke Co., supra, 229 F. 552, at page 553, L.R.A.1916D, 1027) and that it must be traceable to a specific occasion or event (U. S. Radium Corp. v. Globe Indemnity Co. et al., 178 A. 271, 13

N.J.Misc. 316, affirmed 116 N.J.Law, 90, 182 A. 626). In the last-cited case a person, employed over four years in applying radium paint to numerals and designs on watch dials and other objects, was in the habit of placing brushes in her mouth so as to point them. This practice eventually resulted in radium poisoning which was discovered many years later. The injury was held not to be accidental. This case must be compared with Hood & Sons v. Maryland Casualty Co., supra. There, a hostler in stables, caring for horses which were suffering from glanders, was attacked by the disease. It was held that the injury was accidental. The importance attached to the time element—the relative singleness of the event in the one case and the prolonged condition or series of events in the other—is thus forcibly illustrated.

In other words, the policy would apply here if the cause relied on were in the nature of an event. If such were the case, it would be unimportant that the event resulted from an act of negligence rather than from an unforseen or accidental cause. But here there was merely a general condition over a period of time; the damp, leaky, and unsanitary condition of the quarters was the cause assigned. The injury was the sequel of a gradual process rather than of any specific occasion or event. The cause was therefore not accidental. McGuire v. Sherwin-Williams Co., 87 F. (2d) 112 (C.C.A.7); Jackson v. Employers' Liability Assurance Corp., 139 Misc. 686, 248 N.Y.S. 207, affirmed 234 App.Div. 893, 254 N.Y.S. 1010, affirmed 259 N.Y. 559, 182 N.E. 180; U. S. Radium Corp. v. Globe Indemnity Co., supra. And the appellee rightfully refused to defend Ekholm's action.

Judgment affirmed.