BEEHLER STEEL PRODUCTS COMPANY, A CORPORATION, APPELLANT, V. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, A CORPORATION, RESPONDENT.—108 S. W. (2d) 985.

St. Louis Court of Appeals. Opinion filed November 10, 1937.

*Lewis, Rice, Tucker, Allen & Chubb* for appellant.

842

*William R. Schneider* for respondent.

SUTTON, C.—This action is founded on a liability insurance policy issued by defendant to plaintiff. The policy is captioned "Standard Workmen's Compensation and Employer's Liability Policy," and was issued on February 28, 1929. The policy insures plaintiff against liability for "personal injuries" sustained by its employees, as follows: Clause 1 (a) insures plaintiff against liability to its employees under the Workmen's Compensation Act. Clause 1 (b) insures plaintiff against liability imposed upon it by law for damages on account of "such injuries" to its employees. By clauses 2 and 3 defendant agrees to serve plaintiff, upon notice of "such injuries," by investigation thereof and by settlement of any resulting claims in accordance with law, and to defend in the name and on behalf of plaintiff any suits

or other proceedings which may at any time be instituted against plaintiff on account of "such injuries," although such suits or other proceedings are wholly groundless, false, or fraudulent. Clause 7 is as follows: "This agreement shall apply only to such injuries sustained by reason of accidents occurring during the Policy Period limited and defined as such in item 2 of the declarations made a part hereof." Clause 1 (a) of the policy is not pleaded or relied on for recovery. Reliance for recovery under the policy is put solely on clause 1 (b). Item 2 of the declarations provides that the period during which the policy shall remain in force shall be from February 28, 1929, to March 1, 1930, at 12:1 o'clock A. M.

The cause was tried on an agreed statement of facts, as follows:

Alva Jones was in the employment of the plaintiff at the time of the issuance of the policy, and continued in that employment until May 3, 1929. During that period he came in contact with and inhaled dust and fumes, and as a result thereof his lungs and respiratory organs became infected, and he thereby became afflicted with pulmonary tuberculosis. Subsequently, said Alva Jones made claim against the plaintiff on account of said injuries, and plaintiff gave defendant immediate notice thereof. On May 13, 1933, said Alva Jones commenced a suit against plaintiff in the Circuit Court of St. Louis County. By his petition in said suit said Alva Jones alleged that through the constant and daily contact with and the inhalation of fumes, vapors, and dust, plaintiff's respiratory organs became irritated, congested, infected and inflamed, and that he was thereby and as a direct result of the negligence of defendant caused to contract and become afflicted with pulmonary tuberculosis. Plaintiff immediately gave defendant notice of the institution of said suit and defendant undertook the defense of the suit, and filed an answer for plaintiff and took the deposition of said Alva Jones, and appeared when the case was called for trial on October 30, 1933, and asked for and obtained a continuance of said case. On October 31, 1933, defendant notified plaintiff that defendant declined to further defend said suit so brought by said Alva Jones, and declined to accept liability on the claim, and on November 27, 1933, the attorneys employed by defendant to represent plaintiff withdrew from said suit, and on January 17, 1934, plaintiff negotiated a settlement of said suit under which he paid said Alva Jones $2,000 and costs amounting to $16.70, and also paid to its attorneys a reasonable attorneys' fee in the sum of $250 for representing it in said suit, the amounts so paid aggregating $2,266.70, for which the present suit was brought. Plaintiff was liable to said Alva Jones for his said injuries, and said settlement was reasonable, and defendant consented to the making of said settlement, with full knowledge thereof, and waived any right which it might otherwise have had to interpose the defense that it was not proved that plain-

tiff was legally liable for said injuries to said Alva Jones, but defendant denies that the policy covered said injuries.

The trial was had before the court without a jury. Plaintiff's request for a peremptory instruction for judgment in its favor was refused, and defendant's instruction in the nature of a demurrer to the evidence was given. Judgment was accordingly entered. Plaintiff appeals.

Plaintiff contends here that the court erred in refusing its peremptory instruction and in giving the defendant's instruction in the nature of a demurrer to the evidence, and defendant contends that clause 1 (b) of the policy insures against personal injuries sustained by reason of accident, and that the evidence wholly fails to show that Alva Jones sustained any such injuries.

It will be observed that clause 1 (b) insures plaintiff against liability imposed by law for damages on account of "personal injuries" to its employees. The term "personal injuries" is not limited or defined. It is not required that the injury result through physical violence producing at the time objective symptoms thereof. Nor is it defined as violence to the physical structure of the body. Diseases are not excluded. Injuries with such limitations and exclusions are covered by clause 1 (a) of the policy. Clause 7, in which the phrase "sustained by reason of accidents," is obscurely introduced, obviously is intended to limit and define the injuries covered by the policy with respect to the policy period—not to characterize the injuries. In other words, the meaning of the clause is that the policy covers injuries resulting from causes happening within the policy period. The word "accident," as lexically defined, may mean "anything that happens." Its root is *accidere*, meaning to happen. It is obviously in this sense that the word "accidents" is used in clause 7 here in question. Or, as said in Plecity v. McLachlan Hat Co. (Conn.), 164 Atl. 707, the word "accidents," as used in this clause, must be taken to mean the conditions of employment which produce the injuries. This construction does not, as contended by defendant, render useless the phrase "sustained by accidents." The purpose of the clause is to cover not injuries occurring during the policy period, but injuries sustained by reason of happenings, or causes, occurring during the policy period. In other words, the meaning is not that the injuries must occur during the policy period, but that the happenings which cause the injuries must occur during the policy period.

It is obvious that clause 1 (b) is intended to cover such personal injuries to plaintiff's employees, for which plaintiff shall become liable, as are not covered by clause 1 (a).

It should be observed that the policy insures against liability—not against accidents. The language is, "the liability imposed by law for damages on account of personal injuries." It could hardly be broader.

The term "personal injury," where, as here, it is used in the sense of "bodily injury," may cover any harmful effect upon the body whether by violence or by disease. The term is frequently used in both the broader and more limited sense. It was evidently used in the broader sense in clause 1 (b) of the policy with which we are here concerned. [H. P. Hood & Sons v. Maryland Casualty Co., 206 Mass. 223, 92 N. E. 329, 30 L. R. A. (N. S.) 1192, 138 Am. St. Rep. 379; State ex rel. McManus v. Board of Trustees, 138 Wis. 133, l. c. 136, 119 N. W. 806, 20 L. R. A. (N. S.) 1175; Jefferson Fertilizer Co. v. Rich, 182 Ala. 633, l. c. 637, 62 So. 40; Christian v. State Conservation Commission, 191 App. Div. 635, l. c. 636, 182 N. Y. S. 347; Galluzzo v. State, 111 Conn. 188, 149 A. 778, l. c. 780, 782; Aetna Life Ins. Co. v. Portland Gas & Coke Co. (C. C. A.), 229 F. 552, l. c. 553, L. R. A. 1916D 1027; McFarland v. Massachusetts Bonding & Insurance Co., 157 Tenn. 254, 8 S. W. (2d) 369, 64 A. L. R. 962; United Paperboard Co. v. Lewis, 65 Ind. App. 356, 117 N. E. 276; International Travelers' Ass'n v. Francis, 119 Tex. 1, 23 S. W. (2d) 282; United States Mutual Acc. Ass'n v. Barry, 131 U. S. 100, 9 S. Ct. 755, 33 L. Ed. 60; Downey v. Kansas City Gas Co. (Mo.), 92 S. W. (2d) 580; Columbia Paper Stock Co. v. Fidelity & Casualty Co., 104 Mo. App. 157, l. c. 167, 78 S. W. 320; City and County of San Francisco v. Industrial Accident Commission, 183 Cal. 273, 191 P. 26.]

We conclude that under the agreed statement of facts plaintiff's peremptory instruction should have been given and defendant's instruction in the nature of a demurrer to the evidence should have been refused.

The Commissioner, therefore, recommends that the judgment of the circuit court be reversed and the cause remanded to said court with directions to enter judgment in favor of plaintiff against defendant for $2,266.70, with costs.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded with directions to enter judgment as recommended by the Commissioner. *Hostetter, P. J.,* and *Becker, J.,* concur; *McCullen, J.,* not sitting.